## WIFE SEEKS DAMAGES FOR MAKING HUSBAND DRUNK.

Circuit Court of Cuyahoga County.

MARGARET TRUMBLE v. C. W. COLGAN.

Decided, September 23, 1908.

*Action by Wife for Sale of Liquor to Husband, After Notice.*

The fact that a husband was found drunk in a saloon, after the wife had notified the saloonkeeper to cease selling him liquor, is not sufficient in itself, the husband, as a witness for plaintiff testifying that he did not get his liquor there, to show that the defendant saloonkeeper sold him the liquor which made him drunk.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff brought suit against Colgan, a saloon-keeper, for damages sustained by reason of the latter's selling intoxicating liquor to her husband, George W. Trumble, a person who was in the habit of becoming intoxicated, after she had notified him not to do so, as provided in the statute.

To sustain her case she offered herself and her husband as the only witnesses, and at the conclusion of their testimony a verdict for the defendant was directed.

We have read every word of the bill of exceptions to see if the plaintiff made out such a case that it should have been submitted to the jury.

She proved her husband an habitual drunkard, and that she had given the notice to Colgan that the law requires.

We think she utterly failed to prove that Colgan sold her husband any liquor after she had told him not to. The only evidence given by the wife on this subject was that she found her husband drunk in Colgan's saloon, about a month after the notice

had been given.  She also attempted to state that on the latter date she-overheard Colgan say to her husband "We will fix her, George, you bet your life we will get even with her"; but this is weakened by her further testimony found on pages 25, 26, and 27 of the record.

The plaintiff offered her husband as a witness and thereby vouched for his truthfulness; he testified that Colgan never sold him a drink after notice.

Further it was said by the wife several times during her testimony that there were other witnesses who knew that her husband bought liquor in the defendant's saloon; the "boys," as she called them, and her own brother, or half-brother.  It is significant that none of these witnesses were produced at the trial.

Having failed in a material point to make out a case, the trial judge very properly directed a verdict for the defendant; indeed, it was his duty so to do, and the judgment is affirmed.